IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 8:04CR372 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **STANISLAUS ODOH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 34) issued by the Magistrate Judge recommending denial of the motion to dismiss filed by the Defendant, Stanislaus Odoh (Filing No. 22). Odoh filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 35, 36) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Odoh is charged in a Superseding Indictment with possession with intent to distribute more than 100 but less than 1,000 kilograms of a mixture or substance containing marijuana (Count I) and with criminal forfeiture (Count II).

Following an evidentiary hearing, Magistrate Judge F.A. Gossett issued a Report and Recommendation in which he concluded: Odoh was no longer detained once his papers[1] were returned to him; the encounter and additional conversation after looking for Odoh's missing papers was consensual; and if this Court concludes that the continued encounter and conversation was not consensual, reasonable suspicion existed to justify the continued questioning.

---

[1] Odoh was driving a semi tractor-trailer and was stopped by a state trooper who initiated inspections based on the North American Standard Inspection Procedure ("Inspection Procedure").

1

On the basis of these determinations, Magistrate Judge Gossett recommended that Odoh's motion be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events surrounding the events relevant to the Defendant's speedy trial calculation. The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 33). The Court also carefully viewed the evidence, including the videotapes (Filing No. 29). Based on the Court's de novo review of the evidence and arguments, and the lack of any objection to the facts as presented in the Report and Recommendation, the Court adopts the Magistrate Judge 's factual findings in their entirety.

## FACTUAL BACKGROUND

Briefly, no violations of the Inspection Procedure were found. However, several factual matters caused Nebraska State Patrol Trooper Jeremy Scott Dugger to become suspicious. Dugger testified in detail with respect to these matters that raised a "red flag" in his mind, and these matters are summarized in the Report and Recommendation. (Filing No. 34, at 3-4.) Upon entering the inspection facility, Dugger noted Odoh's excessive nervousness evidenced by his shaking hands and continually sweaty palms.

Dugger entered data in a computer, and the two talked about Odoh's trip. Odoh's travel from Arizona, a known origin of drugs, to Chicago, a known origin and destination for drugs, further aroused Dugger's suspicion. Odoh located a missing paper referred to above in his truck. Dugger first asked Odoh generally about truckers carrying drugs and cash, and then he narrowed his questions to Odoh. Odoh volunteered that he was carrying $1,000 in cash. Odoh said he was not carrying drugs, but he voluntarily offered Dugger the opportunity to search his truck. Dugger pointedly asked Odoh if Dugger could search Odoh's truck, and Odoh said "yes sir, yes sir." (Ex. 3.) Odoh read and signed a written consent to search form. (Ex. 2.) The videotape ends abruptly during the process of completing the form.

## DISCUSSION

The Defendant objects to the portions of Magistrate Judge Gossett's Report and Recommendation in which he concluded: 1) Odoh was no longer seized once he was told there were no violations and his papers were returned; and 2) the factors listed by Dugger, when examined together, constituted grounds for reasonable suspicion for further questioning.[2]

---

[2]The Defendant also objects to Magistrate Judge Gossett's "apparent" legal conclusion on pages 9 and 10 of the Report and Recommendation "that, even if Odoh's consent was involuntary, reasonable suspicion which justified engaging Odoh in conversation after the inspection also justified the search of Odoh's truck." (Filing No. 35, at 2.) Magistrate Judge Gossett concluded that, "should the district court find that these conversations were not consensual, . . . grounds for reasonable suspicion, summarized above, were generated in the course of initial questioning and inspections and were sufficient to justify Odoh in conversation after the inspections concluded." (Filing No. 34, 9-10.) The Court sees no "apparent" conclusion that reasonable suspicion justified a search of the truck. Therefore, the Court will not address this issue.

***Further Detention***

One is not in custody for *Miranda* purposes unless the individual's freedom is restricted to a degree equating formal arrest. *United States v. Galceran,* 301 F.3d 927, 929 (8th Cir. 2002). The custody determination is measured objectively, looking at how a reasonable person in the suspect's mind would have interpreted the situation. Relevant factors include, but are not limited to, whether: 1) the suspect was told that the suspect was free to leave; 2) the suspect enjoyed freedom of movement during the questioning; 3) the suspect voluntarily answered questions or voluntarily provided information; 4) the atmosphere during questioning was police-dominated; and 6) an arrest followed questioning. No one factor is determinative, and all factors in a given situation are viewed under the totality of the circumstances. *Id.*

In this case, Dugger did not specifically tell Odoh that he was free to leave once his papers were returned. However, no evidence exists in the record indicating that Odoh felt he was not free to leave or was otherwise restrained.[3] The videotape shows that Odoh freely and comfortably answered Dugger's questions. The questions were posed in a very conversational manner. Odoh volunteered information, such as the presence of $1,000 cash in his truck. The area where the conversation occurred was a wide open area, with Dugger behind a counter at a computer and Odoh on the outside of the counter. When he looked for papers, Odoh was able to exit and reenter the area. Dugger was the only officer questioning Odoh. In short, viewing the relevant factors under the totality of the circumstances, the record amply supports Magistrate Judge Gossett's conclusion that, once his papers were returned, Odoh was free to leave.

---

[3]The Defendant produced no evidence at the hearing.

4

***Reasonable Suspicion - Factors***

Whether Dugger had reasonable suspicion to justify Odoh's further detention for additional questioning is decided by viewing the totality of the circumstances in light of the officer's experience and training. *United States v. Yang,* 345 F.3d 650, 655 (8th Cir. 2003), *cert. denied,* 541 U.S. 952 (2004). The officer's suspicion might increase during the course of the encounter. An officer may ask routine questions, for example, relating to the suspect's travel, which may be followed up with additional questions to verify or dispel the officer's suspicions. An officer is entitled to request permission to search and to act on the response. *Id.* at 655-56.

In Odoh's case, his responses to Dugger's initial questions and his volunteered information further aroused Dugger's suspicions that Odoh might be carrying illegal narcotics. Dugger evaluated the information and responses in light of his experience and training. He was entitled to followup initial questions as he did and to request permission to search. In short, the Court agrees with Magistrate Judge Gossett's conclusion that further detention was justified by Dugger's reasonable suspicion.

## CONCLUSION

For the reasons discussed, the Court finds that the Defendant's motion to suppress should be denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 34) is adopted in its entirety;

2. The Statement of Objections to the Report and Recommendation (Filing No. 35) is overruled; and

3.      The Defendant's Motion to Suppress (Filing No. 22) is denied.

DATED this 11th day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge